**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| STERLING SMALL MARKET EDUCATION FUND, L.P., SRC INTERMEDIATE HOLDINGS, INC., and STUDENT RESOURCE CENTER, LLC, | ) ) ) ) ) | |
| | ) | C.A. No. 22-790 (JLH) |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | |
| MICHAEL PERIK, NICOLE ROWE COLCLASURE, JOHN HASELEY, DANIEL JONES, HIGHER EDUCATION PARTNERS, LLC, RRGTHREE, LLC, USS GUARANTOR, LLC, and MWJ HOLDINGS, LLC, | ) ) ) ) ) ) ) | |
| *Defendants and Counterclaim-Plaintiffs,* | ) ) ) | |
| v. | ) ) | |
| STERLING SMALL MARKET EDUCATION FUND, L.P., SRC INTERMEDIATE HOLDINGS, INC., STUDENT RESOURCE CENTER HOLDINGS, LLC, and STUDENT RESOURCE CENTER, LLC, | ) ) ) ) ) ) | |
| *Counterclaim-Defendants.* | ) ) | |

**COUNTERCLAIM-DEFENDANTS' ANSWER TO DEFENDANTS' COUNTERCLAIM**

Counterclaim-Defendants Sterling Small Market Education Fund, L.P. ("Sterling"), SRC

Intermediate Holdings, Inc. ("SRC Intermediate"), Student Resource Center Holdings, LLC

("SRC Holdings"), and Student Resource Center, LLC ("Student Resource Center" or the

"Company") (collectively, "Counterclaim-Defendants"), by and through their undersigned

counsel, answer Defendants' Counterclaim Complaint (D.I. 103 ("Counterclaim")).

Unless expressly admitted, Counterclaim-Defendants deny each and every allegation in the Counterclaim, including any allegations in introductory paragraphs, headings, exhibits, and any documents incorporated by reference.  To the extent Counterclaim-Defendants' answers contain terms defined in the Counterclaim, such answers are not an acknowledgement, admission, or adoption of any fact or characterization made by Defendants.  Counterclaim-Defendants further state that their investigation of this matter is ongoing.  Accordingly, Counterclaim-Defendants reserve the right to amend this answer.

Counterclaim-Defendants respond to the allegations in the Counterclaim as follows:

## INTRODUCTION

1.     Counterclaim-Defendants admit that Perik, Rowe, and Haseley founded Student Resource Center and that Jones later joined the Company.  Counterclaim-Defendants further admit that Defendants, Student Resource Center, SRC Intermediate, and others executed the Unit Purchase Agreement on June 25, 2021, and state that the agreement speaks for itself. Counterclaim-Defendants deny all remaining allegations in paragraph 1.

2.     Counterclaim-Defendants admit that "Sterling and SRC Intermediate set up Student Resource Center Holdings, LLC ('SRC Holdings') to operate [Student Resource Center]," and that SRC Holdings "executed an Amended and Restated LLC Agreement of Student Resource Center Holdings LLC ('LLCA')."  Counterclaim-Defendants further admit that "M. Avi Epstein ('Epstein') was the president of SRC Holdings, and Brian Schwartz ('Schwartz'), Shoshana Vernick ('Vernick'), Jeffrey Keith ('Keith') and Perik were the initial members of the board of directors of SRC Holdings."  Counterclaim-Defendants deny all remaining allegations in paragraph 2.

3.     Counterclaim-Defendants admit that Sterling, SRC Intermediate, and Student

Resource Center filed a complaint against Defendants and state that the complaint speaks for itself.  Counterclaim-Defendants deny all remaining allegations in paragraph 3.

4.      Counterclaim-Defendants admit that the Higher Learning Commission ("HLC") published a letter addressed to Eastern Gateway Community College ("EGCC") on November 8, 2021, and state that the letter speaks for itself.  Counterclaim-Defendants also admit that Perik was terminated from Student Resource Center.  Counterclaim-Defendants deny all remaining allegations in paragraph 4.

5.      Counterclaim-Defendants deny the allegations in paragraph 5.

6.      Counterclaim-Defendants admit that Perik was removed from SRC Holdings' board.  Counterclaim-Defendants deny all remaining allegations in paragraph 6.

7.      Counterclaim-Defendants deny the allegations in paragraph 7.

8.      Counterclaim-Defendants deny the allegations in paragraph 8.

**PARTIES**

9.      Counterclaim-Defendants admit that Perik was the chief executive officer and co-founder of Student Resource Center, that he was a member of the board of directors of SRC Holdings, and that he is a citizen of Rhode Island.  Counterclaim-Defendants deny all remaining allegations in paragraph 19.

10.     Counterclaim-Defendants admit the allegations in paragraph 10.

11.     Counterclaim-Defendants admit the allegations in paragraph 11.

12.     Counterclaim-Defendants admit the allegations in paragraph 12.

13.     Counterclaim-Defendants admit the allegations in paragraph 13.

14.     Counterclaim-Defendants admit the allegations in paragraph 14.

15.     Counterclaim-Defendants admit the allegations in paragraph 15.

16.     Counterclaim-Defendants admit the allegations in paragraph 16.

17.     Counterclaim-Defendants deny the allegations in paragraph 17.

18.     Counterclaim-Defendants admit the allegations in paragraph 18.

19.     Counterclaim-Defendants admit the allegations in paragraph 19.

20.     Counterclaim-Defendants admit the allegations in paragraph 20.

21.     Counterclaim-Defendants admit the allegations in paragraph 21.

## FACTS

22.     Counterclaim-Defendants admit that Perik, Rowe, and Haseley founded Student Resource Center and that Jones later joined the Company.  Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 22, and therefore deny the same.

23.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23, and therefore deny the same.

24.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24, and therefore deny the same.

25.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25, and therefore deny the same.

26.     Counterclaim-Defendants admit that Student Resource Center had contractual arrangements with EGCC and Central State University ("CSU"), and state that those contracts speak for themselves.  To the extent any further response is required to paragraph 26, Counterclaim-Defendants deny all remaining allegations.

27.     Counterclaim-Defendants admit that Student Resource Center had contractual arrangements with EGCC and Central State University ("CSU"), and state that those contracts

speak for themselves.  To the extent any further response is required to paragraph 27, Counterclaim-Defendants deny all remaining allegations.

28.     Counterclaim-Defendants admit the allegations in paragraph 28.

29.     Counterclaim-Defendants admit the allegations in paragraph 29.

30.     Counterclaim-Defendants admit the allegations in paragraph 30.

31.     Counterclaim-Defendants admit the allegations in paragraph 31.

32.     Counterclaim-Defendants admit that EGCC's accreditor was HLC. Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 32, and therefore deny the same.

33.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33, and therefore deny the same.

34.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34, and therefore deny the same.

35.     Counterclaim-Defendants admit that EGCC sent Perik, Rowe, Haseley and Jones an HLC report, and state that the report speaks for itself.  Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 35, and therefore deny the same.

36.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36, and therefore deny the same.

37.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37, and therefore deny the same.

38.     Counterclaim-Defendants admit that Sterling submitted a letter indicating its interest in Student Resource Center, and state that the letter speaks for itself.  Counterclaim-

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 38, and therefore deny the same.

39.    Counterclaim-Defendants admit that Sterling had calls with Defendants in January 2021 related to Student Resource Center.  Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 39, and therefore deny the same.

40.    Counterclaim-Defendants admit that Sterling submitted a letter of intent to Student Resource Center in February 2021, and state that the letter speaks for itself. Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 40, and therefore deny the same.

41.    Counterclaim-Defendants admit that Sterling and Student Resource Center executed a letter of intent in May 2021, and state that the letter speaks for itself.  Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 41, and therefore deny the same.

42.    Counterclaim-Defendants admit that Sterling and Student Resource Center executed a letter of intent in May 2021, and state that the letter speaks for itself.  Counterclaim-Defendants state that the remaining allegations in paragraph 42 are so vague and ambiguous that they cannot reasonably formulate a response.  Therefore, Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 42, and therefore deny the same.

43.    Counterclaim-Defendants state that the allegations in paragraph 43 are so vague and ambiguous that they cannot reasonably formulate a response.  Therefore, Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of

the allegations in paragraph 42, and therefore deny the same.

44.     Counterclaim-Defendants admit that Defendants had a zoom meeting with Counterclaim-Defendants' representatives on May 13, 2021.  Counterclaim-Defendants deny all remaining allegations in paragraph 44.

45.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45, and therefore deny the same.

46.     Counterclaim-Defendants deny the allegations in paragraph 46.

47.     Counterclaim-Defendants deny the allegations in paragraph 47.

48.     Counterclaim-Defendants deny the allegations in paragraph 48.

49.     Counterclaim-Defendants admit that Michael Geoghegan had a zoom conference with Counterclaim-Defendants' representatives in June 2021.  Counterclaim-Defendants deny all remaining allegations in paragraph 49.

50.     Counterclaim-Defendants admit that Defendants, Student Resource Center, SRC Intermediate, and others executed the Unit Purchase Agreement on June 25, 2021, and state that the agreement speaks for itself.  Counterclaim-Defendants deny all remaining allegations in paragraph 50.

51.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 51, and therefore deny the same.

52.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52, and therefore deny the same.

53.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53, and therefore deny the same.

54.     Counterclaim-Defendants lack knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in paragraph 54, and therefore deny the same.

55.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55, and therefore deny the same.

56.     Counterclaim-Defendants admit the allegations in paragraph 56.

57.     Counterclaim-Defendants admit that Defendants, Student Resource Center, SRC Intermediate, and others executed the Unit Purchase Agreement on June 25, 2021, and state that the agreement speaks for itself.  To the extent any further response is required to paragraph 57, Counterclaim-Defendants deny all remaining allegations.

58.     Counterclaim-Defendants admit that Defendants, Student Resource Center, SRC Intermediate, and others executed the Unit Purchase Agreement on June 25, 2021, and state that the agreement speaks for itself.  To the extent any further response is required to paragraph 58, Counterclaim-Defendants deny all remaining allegations, as well as Defendants' characterization of the Unit Purchase Agreement.

59.     Counterclaim-Defendants admit that Defendants, Student Resource Center, SRC Intermediate, and others executed the Unit Purchase Agreement on June 25, 2021, and state that the agreement speaks for itself.  To the extent any further response is required to paragraph 59, Counterclaim-Defendants deny all remaining allegations, as well as Defendants' characterization of the Unit Purchase Agreement.

60.     Counterclaim-Defendants admit that Defendants, Student Resource Center, SRC Intermediate, and others executed the Unit Purchase Agreement on June 25, 2021, and state that the agreement speaks for itself.

61.     Counterclaim-Defendants admit that Defendants, Student Resource Center, SRC Intermediate, and others executed the Unit Purchase Agreement on June 25, 2021, and state that

the agreement speaks for itself.

62.     Counterclaim-Defendants admit that Defendants, Student Resource Center, SRC Intermediate, and others executed the Unit Purchase Agreement on June 25, 2021, and state that the agreement speaks for itself.  To the extent any further response is required to paragraph 62, Counterclaim-Defendants deny all remaining allegations, as well as Defendants' characterization of the Unit Purchase Agreement.

63.     Counterclaim-Defendants deny the allegations in paragraph 63.

64.     Counterclaim-Defendants deny the allegations in paragraph 64.

65.     Counterclaim-Defendants deny the allegations in paragraph 65.

66.     Counterclaim-Defendants deny the allegations in paragraph 66.

67.     Counterclaim-Defendants deny the allegations in paragraph 67.

68.     Counterclaim-Defendants deny the allegations in paragraph 68.

69.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69, and therefore deny the same.

70.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 70, and therefore deny the same.

71.     Counterclaim-Defendants deny the allegations in paragraph 71.

72.     Counterclaim-Defendants admit that Defendants worked with Student Resource Center after closing.  Counterclaim-Defendants deny all remaining allegations in paragraph 72.

73.     Counterclaim-Defendants admit that Defendants, SRC Holdings, and others executed the Amended and Restated Limited Liability Agreement of SRC Holdings on June 25, 2021, and state that the agreement speaks for itself.  To the extent any further response is required to paragraph 73, Counterclaim-Defendants deny all remaining allegations.

74.    Counterclaim-Defendants admit that Defendants, SRC Holdings, and others executed the Amended and Restated Limited Liability Agreement of SRC Holdings on June 25, 2021, and state that the agreement speaks for itself.  To the extent any further response is required to paragraph 74, Counterclaim-Defendants deny all remaining allegations.

75.    Counterclaim-Defendants admit that Defendants, SRC Holdings, and others executed the Amended and Restated Limited Liability Agreement of SRC Holdings on June 25, 2021, and state that the agreement speaks for itself.  Counterclaim-Defendants further admit that Student Resource Center, SRC Holdings, SRC Intermediate, and Sterling Fund Management, LLC executed an Advisory Services Agreement, and state that the agreement speaks for itself. To the extent any further response is required to paragraph 75, Counterclaim-Defendants deny all remaining allegations.

76.    Counterclaim-Defendants admit that Student Resource Center, SRC Holdings, SRC Intermediate, and Sterling Fund Management, LLC executed an Advisory Services Agreement, and state that the agreement speaks for itself.  To the extent any further response is required to paragraph 76, Counterclaim-Defendants deny all remaining allegations.

77.    Counterclaim-Defendants admit that Student Resource Center and Jeff Keith executed a Personal Services Agreement, and state that the agreement speaks for itself. Counterclaim-Defendants further admit that Jeff Keith was a member of the board of directors of SRC Holdings.  Counterclaim-Defendants deny all remaining allegations in paragraph 77.

78.    Counterclaim-Defendants admit that Defendants summarize and quote language from Sterling's websites and state that the referenced websites speak for themselves.  To the extent any further response is required to paragraph 78, Counterclaim-Defendants deny all allegations, as well as Defendants' characterization of the quoted language.

79.     Counterclaim-Defendants admit that Student Resource Center and Jeff Keith executed a Personal Services Agreement, and state that the agreement speaks for itself.

80.     Counterclaim-Defendants admit that Defendants, SRC Holdings, and others executed the Amended and Restated Limited Liability Agreement of SRC Holdings on June 25, 2021, and state that the agreement speaks for itself.

81.     Counterclaim-Defendants admit that Defendants had telephone calls and meetings with Counterclaim-Defendants' representatives after June 25, 2021.  To the extent any further response is required to paragraph 81, Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore deny the same.

82.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82, and therefore deny the same.

83.     Counterclaim-Defendants deny the allegations in paragraph 83.

84.     Counterclaim-Defendants deny the allegations in paragraph 84.

85.     Counterclaim-Defendants admit that Perik sent a memo on or around September 12, 2021, and state that the memo speaks for itself.

86.     Counterclaim-Defendants admit that Jeff Keith sent an email to Perik and Rowe on October 13, 2021 regarding a law review article, and state that the email speaks for itself. Counterclaim-Defendants deny the remaining allegations in paragraph 86.

87.     Counterclaim-Defendants deny the allegations in paragraph 87.

88.     Counterclaim-Defendants admit that Jeff Keith sent an email to Perik on October 25, 2021 with a link to the HLC's website, and state that the email speaks for itself. Counterclaim-Defendants deny the remaining allegations in paragraph 88.

11

89.    Counterclaim-Defendants deny the allegations in paragraph 89.

90.    Counterclaim-Defendants admit that the HLC published a letter addressed to EGCC on November 8, 2021, and state that the letter speaks for itself.  Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 90, and therefore deny the same.

91.    Counterclaim-Defendants deny the allegations in paragraph 91.

92.    Counterclaim-Defendants admit that Defendants quote language from the HLC's website and regulations, and state that the referenced materials speak for themselves.  To the extent any further response is required to paragraph 92, Counterclaim-Defendants deny all allegations, as well as Defendants' characterization of the quoted language.

93.    Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 93, and therefore deny the same.

94.    Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 94, and therefore deny the same.

95.    Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 95, and therefore deny the same.

96.    Counterclaim-Defendants deny the allegations in paragraph 96.

97.    Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 97, and therefore deny the same.

98.    Counterclaim-Defendants deny the allegations in paragraph 98.

99.    Counterclaim-Defendants deny the allegations in paragraph 99.

100.    Counterclaim-Defendants deny the allegations in paragraph 100.

101.    Counterclaim-Defendants deny the allegations in paragraph 101.

102.    Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 102, and therefore deny the same.

103.    Counterclaim-Defendants deny the allegations in paragraph 103.

104.    Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 104, and therefore deny the same.

105.    Counterclaim-Defendants admit that correspondence, dated February 28, 2022, was sent to Defendants' representative, and state that the correspondence speaks for itself.

106.    Counterclaim-Defendants admit that they received correspondence, dated March 7, 2022, from Defendants' representative, and state that the correspondence speaks for itself.

107.    Counterclaim-Defendants deny the allegations in paragraph 107.

108.    Counterclaim-Defendants deny the allegations in paragraph 108.

109.    Counterclaim-Defendants admit that they received correspondence, dated April 12, 2022, from Defendants' representative, and state that the correspondence speaks for itself. To the extent any further response is required to paragraph 109, Counterclaim-Defendants deny all remaining allegations.

110.    Counterclaim-Defendants deny the allegations in paragraph 110.

111.    Counterclaim-Defendants deny the allegations in paragraph 111.

112.    Counterclaim-Defendants deny the allegations in paragraph 112.

113.    Counterclaim-Defendants admit that Defendants met with Counterclaim-Defendants' representatives on March 9, 2022.  Counterclaim-Defendants deny all remaining allegations in paragraph 113.

114.    Counterclaim-Defendants deny the allegations in paragraph 114.

115.    Counterclaim-Defendants deny the allegations in paragraph 115.

116.    Counterclaim-Defendants deny the allegations in paragraph 116.

117.    Counterclaim-Defendants admit that they received correspondence, dated March 14, 2022, from Defendants' counsel, and state that the correspondence speaks for itself.  To the extent any further response is required to paragraph 117, Counterclaim-Defendants deny all remaining allegations.

118.    Counterclaim-Defendants deny the allegations in paragraph 118.

119.    Counterclaim-Defendants deny the allegations in paragraph 119.

120.    Counterclaim-Defendants deny the allegations in paragraph 120.

121.    Counterclaim-Defendants admit that correspondence, dated March 23, 2022, was sent to Defendants, and state that the correspondence speaks for itself.  Counterclaim-Defendants deny all remaining allegations in paragraph 121.

122.    Counterclaim-Defendants admit that Defendants Rowe, Haseley, and Jones resigned from Student Resource Center.  Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 122, and therefore deny the same.

123.    Counterclaim-Defendants admit that Michael Geoghegan sent an email to Counterclaim-Defendants' representatives on March 23, 2022, and state that the email speaks for itself. correspondence, dated March 23, 2022, was sent to Defendants, and state that the correspondence speaks for itself.

124.    Counterclaim-Defendants deny the allegations in paragraph 124.

125.    Counterclaim-Defendants deny the allegations in paragraph 125.

126.    Counterclaim-Defendants deny the allegations in paragraph 126.

127.    Counterclaim-Defendants admit that SRC Holdings' board of directors issued a

written consent, dated May 2, 2022, and state that the written consent speaks for itself. Counterclaim-Defendants deny all remaining allegations in paragraph 127.

128.    Counterclaim-Defendants admit that SRC Holdings' board of directors issued a written consent, dated June 15, 2022, and state that the written consent speaks for itself. Counterclaim-Defendants deny all remaining allegations in paragraph 128.

129.    Counterclaim-Defendants deny the allegations in paragraph 129.

130.    Counterclaim-Defendants admit that they received a notice from EGCC, dated May 10, 2022, and state that the notice speaks for itself.

131.    Counterclaim-Defendants admit that they received a notice from EGCC, dated May 10, 2022, and state that the notice speaks for itself.

132.    Counterclaim-Defendants deny the allegations in paragraph 132.

133.    Counterclaim-Defendants deny the allegations in paragraph 133.

134.    Counterclaim-Defendants admit that Defendants characterize court filings and orders from the lawsuit styled *Student Resource Center, LLC v. Eastern Gateway Community College*, Case No. 22-cv-2653 (S.D. Ohio), and state that the referenced filings and orders speak for themselves.  Counterclaim-Defendants deny all remaining allegations in paragraph 134.

135.    Counterclaim-Defendants admit that Defendants characterize the testimony of Michael Geoghegan, and state that Mr. Geoghegan's testimony speaks for itself.  Counterclaim-Defendants deny all remaining allegations in paragraph 135.

136.    Counterclaim-Defendants admit that Defendants Perik, Rowe, Haseley, and Jones each executed a Restricted Units Agreement, and state the agreements speak for themselves.  To the extent any further response is required to paragraph 136, Counterclaim-Defendants deny all remaining allegations.

137.    Counterclaim-Defendants admit that Defendants, SRC Holdings, and others executed the Amended and Restated Limited Liability Agreement of SRC Holdings on June 25, 2021, and state that the agreement speaks for itself.  Counterclaim-Defendants further admit that Defendants Perik, Rowe, Haseley, and Jones each executed a Restricted Units Agreement, and state the agreements speak for themselves.  To the extent any further response is required to paragraph 137, Counterclaim-Defendants deny all remaining allegations.

138.    Counterclaim-Defendants deny the allegations in paragraph 138.

139.    Counterclaim-Defendants deny the allegations in paragraph 139.

140.    Counterclaim-Defendants admit that Defendants, SRC Holdings, and others executed the Amended and Restated Limited Liability Agreement of SRC Holdings on June 25, 2021, and state that the agreement speaks for itself.  Counterclaim-Defendants further admit that Defendants Perik, Rowe, Haseley, and Jones each executed a Restricted Units Agreement, and state the agreements speak for themselves.  Counterclaim-Defendants deny all remaining allegations in paragraph 140.

141.    Counterclaim-Defendants deny the allegations in paragraph 141.

142.    Counterclaim-Defendants deny the allegations in paragraph 142.

143.    Counterclaim-Defendants admit that Defendants, SRC Holdings, and others executed the Amended and Restated Limited Liability Agreement of SRC Holdings on June 25, 2021, and state that the agreement speaks for itself.  Counterclaim-Defendants further admit that Defendants Perik, Rowe, Haseley, and Jones each executed a Restricted Units Agreement, and state the agreements speak for themselves.  Counterclaim-Defendants deny all remaining allegations in paragraph 143.

144.    Counterclaim-Defendants admit that Defendants, SRC Holdings, and others

executed the Amended and Restated Limited Liability Agreement of SRC Holdings on June 25, 2021, and state that the agreement speaks for itself.  Counterclaim-Defendants further admit that Defendants Perik, Rowe, Haseley, and Jones each executed a Restricted Units Agreement, and state the agreements speak for themselves.  Counterclaim-Defendants deny all remaining allegations in paragraph 144.

145.    Counterclaim-Defendants admit that Defendants, SRC Holdings, and others executed the Amended and Restated Limited Liability Agreement of SRC Holdings on June 25, 2021, and state that the agreement speaks for itself.  Counterclaim-Defendants further admit that Defendants Perik, Rowe, Haseley, and Jones each executed a Restricted Units Agreement, and state the agreements speak for themselves.  Counterclaim-Defendants deny all remaining allegations in paragraph 145.

### COUNT I
### (Breach of Contract: Institutional Receivables against Sterling, SRC Holdings, SRC Intermediate and SRC)

146.    Counterclaim-Defendants incorporate all of their previous responses as if fully rewritten herein.

147.    Counterclaim-Defendants admit that Defendants, Student Resource Center, SRC Intermediate, and others executed the Unit Purchase Agreement on June 25, 2021, and state that the agreement speaks for itself.

148.    Counterclaim-Defendants deny the allegations in paragraph 148.

149.    Counterclaim-Defendants deny the allegations in paragraph 149.

150.    Counterclaim-Defendants deny the allegations in paragraph 150.

151.    Counterclaim-Defendants deny the allegations in paragraph 151.

152.    Counterclaim-Defendants deny the allegations in paragraph 152.

153.    Counterclaim-Defendants deny the allegations in paragraph 153.

154.    Counterclaim-Defendants deny the allegations in paragraph 154.

155.    Counterclaim-Defendants deny the allegations in paragraph 155.

**COUNT II**
**(Declaratory Judgment: against Sterling, SRC Intermediate, SRC, and SRC Holdings)**

156.    Counterclaim-Defendants incorporate all of their previous responses as if fully rewritten herein.

157.    Counterclaim-Defendants admit that Defendants Perik, Rowe, Haseley, and Jones each executed a Restricted Units Agreement, and state the agreements speak for themselves. Counterclaim-Defendants deny all remaining allegations in paragraph 157.

158.    Counterclaim-Defendants admit that Defendants, Student Resource Center, SRC Intermediate, and others executed the Unit Purchase Agreement on June 25, 2021, and state that the agreement speaks for itself.  Counterclaim-Defendants deny all remaining allegations in paragraph 158.

159.    Counterclaim-Defendants admit that Defendants, Student Resource Center, SRC Intermediate, and others executed the Unit Purchase Agreement on June 25, 2021, and state that the agreement speaks for itself.  Counterclaim-Defendants deny all remaining allegations in paragraph 159.

160.    Counterclaim-Defendants admit that Defendants, SRC Holdings, and others executed the Amended and Restated Limited Liability Agreement of SRC Holdings on June 25, 2021, and state that the agreement speaks for itself.  Counterclaim-Defendants deny all remaining allegations in paragraph 160.

161.    Counterclaim-Defendants deny the allegations in paragraph 161.

162.    Counterclaim-Defendants deny the allegations in paragraph 162.

163.    Counterclaim-Defendants deny the allegations in paragraph 163.

## COUNT III
### (Breach of Contract: against Sterling, SRC Intermediate, SRC, and SRC Holdings)

164.    Counterclaim-Defendants incorporate all of their previous responses as if fully rewritten herein.

165.    Counterclaim-Defendants admit the allegations in paragraph 165.

166.    Counterclaim-Defendants admit that Defendants Perik, Rowe, Haseley, and Jones each executed a Restricted Units Agreement, and state the agreements speak for themselves.  To the extent any further response is required to paragraph 166, Counterclaim-Defendants deny all remaining allegations.

167.    Counterclaim-Defendants admit that Defendants Perik, Rowe, Haseley, and Jones each executed a Restricted Units Agreement, and state the agreements speak for themselves.  To the extent any further response is required to paragraph 167, Counterclaim-Defendants deny all remaining allegations.

168.    Counterclaim-Defendants admit that Defendants Perik, Rowe, Haseley, and Jones each executed a Restricted Units Agreement, and state the agreements speak for themselves.

169.    Counterclaim-Defendants admit that Defendants, SRC Holdings, and others executed the Amended and Restated Limited Liability Agreement of SRC Holdings on June 25, 2021, and state that the agreement speaks for itself.

170.    Counterclaim-Defendants deny the allegations in paragraph 170.

171.    Counterclaim-Defendants deny the allegations in paragraph 171.

172.    Counterclaim-Defendants deny the allegations in paragraph 172.

## COUNT IV
### (Breach of Contract: against Sterling, SRC Intermediate, SRC, and SRC Holdings)

19

173.    Counterclaim-Defendants deny the allegations in paragraph 173.

174.    Counterclaim-Defendants admit the allegations in paragraph 174.

175.    Counterclaim-Defendants admit that Defendants Perik, Rowe, Haseley, and Jones each executed a Restricted Units Agreement, and state the agreements speak for themselves.  To the extent any further response is required to paragraph 175, Counterclaim-Defendants deny all remaining allegations.

176.    Counterclaim-Defendants admit that Defendants Perik, Rowe, Haseley, and Jones each executed a Restricted Units Agreement, and state the agreements speak for themselves.  To the extent any further response is required to paragraph 176, Counterclaim-Defendants deny all remaining allegations.

177.    Counterclaim-Defendants admit that Defendants Perik, Rowe, Haseley, and Jones each executed a Restricted Units Agreement, and state the agreements speak for themselves.

178.    Counterclaim-Defendants admit that Defendants, SRC Holdings, and others executed the Amended and Restated Limited Liability Agreement of SRC Holdings on June 25, 2021, and state that the agreement speaks for itself.  Counterclaim-Defendants deny all remaining allegation in paragraph 178.

179.    Counterclaim-Defendants deny the allegations in paragraph 179.

180.    Counterclaim-Defendants deny the allegations in paragraph 180.

181.    Counterclaim-Defendants deny the allegations in paragraph 181.

### RESPONSE TO PRAYER FOR RELIEF

Defendants' prayer for relief consists of Defendants' characterizations and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim-Defendants deny that Defendants are entitled to any form of relief.

## RESPONSE TO JURY DEMAND

In response to Defendants' jury trial demand, Counterclaim-Defendants hereby demand a jury on all claims so triable.

## AFFIRMATIVE DEFENSES

Counterclaim-Defendants assert the following defenses and reserve the right to assert other defenses and claims. Without assuming any burden of proof that they would not otherwise bear, Counterclaim-Defendants assert the following defenses:

### First Defense

Defendants' claims are barred, in whole or in part, because Defendants have failed to state a claim for which relief can be granted.

### Second Defense

Defendants' claims are barred, in whole or in part, by terms of the relevant contract(s).

### Third Defense

Defendants' claims are barred, in whole or in part, because Counterclaim-Defendants performed all duties owed under the relevant contract(s) other than duties that were prevented or excused, and therefore Counterclaim-Defendants did not breach the relevant contract(s).

### Fourth Defense

Defendants' claims are barred, in whole or in part, because Counterclaim-Defendants acted reasonably and in good faith at all times.

### Fifth Defense

Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands, equitable estoppel, and/or *in pari delicto*.

21

### Sixth Defense

Defendants' claims are barred, in whole or in part, by the doctrine of waiver.

### Seventh Defense

Defendants' claims are barred, in whole or in part, because of Defendants' own prior material breaches of the relevant contract(s).

### Eighth Defense

Defendants' claims are barred, in whole or in part, because of Defendants' own breaches of the implied covenant of good faith and fair dealing.

### Ninth Defense

Defendants' claims are barred, in whole or in part, because Counterclaim-Defendants were not a substantial cause of Defendants' alleged damages.

### Tenth Defense

Defendants' claims are barred, in whole or in part, because Defendants' alleged damages, if any, were the result of the acts, actions, inaction, or negligence of a third person, party, or entity for whom the Counterclaim-Defendants are not responsible.

### Eleventh Defense

Defendants' claims are barred to the extent they have failed to act in a commercially reasonable manner.

### Twelfth Defense

To the extent Defendants establish liability against Counterclaim-Defendants, which Counterclaim-Defendants deny, Defendants' recovery is barred, in whole or in part, because Defendants' alleged damages, if any, were caused by an intervening or superseding act, action,

inaction, or negligence of a third person, party, or entity for whom the Counterclaim-Defendants are not responsible.

### Thirteenth Defense

To the extent Defendants establish liability against Counterclaim-Defendants, which Counterclaim-Defendants deny, Defendants' claims are limited, capped, or barred by the terms of the relevant contract(s).

### Fourteenth Defense

To the extent Defendants establish liability against Counterclaim-Defendants, which Counterclaim-Defendants deny, Defendants' damages are barred or reduced by offset.

### Fifteenth Defense

To the extent Defendants establish liability against Counterclaim-Defendants, which Counterclaim-Defendants deny, Defendants' damages are barred or reduced by Defendants' failure to mitigate their alleged damages.

### Sixteenth Defense

Counterclaim-Defendants' breach-of-contract claim (Count I) is improper to the extent it is brought against Sterling Small Market Education Fund, L.P. ("Sterling") and Student Resource Center Holdings, LLC ("SRC Holdings"), as neither Sterling nor SRC Holdings are party to the Unit Purchase Agreement.

### Seventeenth Defense

Counterclaim-Defendants' claims against Student Resource Center Holdings, LLC ("SRC Holdings") are barred for insufficient service of process.

**Eighteenth Defense**

Counterclaim-Defendants' claims against Student Resource Center Holdings, LLC

("SRC Holdings") are barred because they are procedurally improper under Federal Rule of Civil

Procedure 13. *See F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) ("'[A] counterclaim or

cross-claim may not be directed solely against persons who are not already parties to the original

action, but must involve at least one existing party.'") (citation omitted); *Hawkins v. Berkeley*

*Unified Sch. Dist.*, 250 F.R.D. 459, 462 (N.D. Cal. 2008) (dismissing counterclaims under Rule

13(h), noting "Rule 13(h) requires that any such joinder of a new party be anchored to a

counterclaim [] against an original party"); *Fed. Trade Comm'n v. Noland*, 2020 WL 6290388, at

*4-5 (D. Ariz. Oct. 27, 2020) ("Under Rule 13, it is impermissible to assert 'counterclaims'

solely against non-parties").

**Nineteenth Defense**

Counterclaim-Defendants reserve the right to assert additional defenses as the grounds

for such defenses become known through discovery or otherwise.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim-Defendants respectfully request that the Court enter an

Order:

    a.  Denying Defendants the relief sought in the Counterclaim;

    b.  Entering judgement in favor of Counterclaim-Defendants and dismissing the Counterclaim in its entirety with prejudice;

    c.  Awarding Counterclaim-Defendants their reasonable costs and expenses, including reasonable attorneys' fees, incurred in connection with this matter; and

    d.  Granting such other relief as the Court deems proper and just.

Dated:  February 9, 2023

BAKER & HOSTETLER LLP

*/s/  Jeffrey J. Lyons*
Daniel J. Goettle (#6664)
Jeffrey J. Lyons (#6437)
1201 North Market Street, Suite 1407
Wilmington, DE  19801-1147
(302) 468-7088
dgoettle@bakerlaw.com
jjlyons@bakerlaw.com

Jonathan B. New (*pro hac vice*)
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200
jnew@bakerlaw.com

G. Karl Fanter (*pro hac vice*)
Joseph H. Walsh (*pro hac vice*)
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
(216) 621-0200
kfanter@bakerlaw.com
jhwalsh@bakerlaw.com

*Attorneys for Plaintiffs and Counterclaim-*
*Defendants Sterling Small Market Education*
*Fund, L.P., SRC Intermediate Holdings, Inc.,*
*and Student Resource Center, LLC*