# BakerHostetler

Baker&Hostetler LLP

1201 N. Market Street
Suite 1407
Wilmington, DE 19801

T 302.319.2799
www.bakerlaw.com

January 21, 2025

**VIA CM/ECF**

Jeffrey J. Lyons
direct dial: 302.407.4222
jjlyons@bakerlaw.com

The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   *Sterling Small Market Education Fund, L.P., et. al. v. Perik, et. al.*,
      C.A. No. 22-790 (CJB)

Dear Judge Burke:

The parties write jointly in response to the Court's Order of January 15, 2025, requiring the parties to set forth their respective positions on when the trial in this case should be rescheduled.

## Plaintiffs' Position

Plaintiffs acknowledge that the change in Defendants' lead trial counsel is unfortunate and unexpected. To that end, on January 2, 2025, Plaintiffs agreed to *Defendants'* request for a 30-day extension of the upcoming deadlines (expert rebuttal reports, dispositive motions, and *Daubert* motions). In light of the requested extension, Plaintiffs suggested that the Parties also jointly request the Court to push back the trial date by a similar amount of time, subject to the Court's availability. Plaintiffs then provided nine weeks of potential availability[1] for trial between May and September 2025. Defendants are now taking advantage of Plaintiffs' courtesy. For one, Defendants are reneging on their own 30-day extension request, effectively securing for themselves an ever-growing extension of time for expert rebuttal reports and dispositive motions. (Plaintiffs served its expert reports, as required, on Dec. 18, 2024). Moreover, despite Plaintiffs asking multiple times, Defendants have not offered a single period of availability for trial before October 20, 2025. Defendants or their counsel instead claim the trial must be pushed out at least *seven months* from the current trial date (currently set to start March 24, 2024).

Delaying trial until late 2025 is unreasonable and unwarranted. An October or November 2025 trial date would be more than *three years* since Plaintiffs filed their complaint. Plaintiffs have diligently prosecuted this case, and have already been more than accommodating with Defendants' prior extension requests, including by previously agreeing to move the trial date on numerous occasions. *See, e.g.*, D.I. 51 (trial starting September 9, 2024); D.I. 94 (trial starting January 20, 2024); D.I. 104 (trial starting January 27, 2025); D.I. 121 (trial starting March 24,

---

[1] Plaintiffs proposed May 26, June 2, June 9, July 7, July 21, August 4, August 11, September 1, and September 8, 2025.

Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Dallas   Denver   Houston   Los Angeles
New York   Orange County   Orlando   Philadelphia   San Francisco   Seattle   Washington, DC   Wilmington

January 21, 2025
Page 2

2024). It is time to move this case forward to completion. Plaintiffs request a trial date at the Court's earliest convenience. Plaintiffs are, of course, willing to work with Defendants and the Court to find appropriate dates for trial. That includes being available the weeks of June 9, September 1, and September 8, 2025, as set forth in the Court's order. D.I. 153. Plaintiffs are also available the week of November 17, 2025 if absolutely necessary—though, as stated above, delaying the trial that long is not warranted or proper. Indeed, Defendants' conflicts noted below do not explain why, at the very latest, trial beginning September 8 is not possible (only noting weekend unavailability for one attorney). Plaintiffs respectfully submit the Court should enter the 30-day extensions of time proposed by Defendants for the now-past January deadlines—specifically, February 5, 2025 for rebuttal expert reports; February 10, 2025 for dispositive motions; and February 17, 2025 for the parties to make a good faith attempt to resolve the case. Plaintiffs also respectfully request the Court set the trial date for as soon as possible.

### Defendants' Position

Defendants' lead counsel throughout the duration of this litigation, Michael Connolly, has sadly been diagnosed with aggressive mouth cancer, necessitating his and his firm's withdrawal just two months prior to the currently scheduled trial date. While acknowledging that it is unfortunate and unexpected, Plaintiffs' simultaneously claim Defendants' request to continue the trial until Fall 2025 is taking advantage of this unfortunate situation for their benefit. Defendants' new lead counsel were only recently engaged and just entered appearances and were admitted pro hac vice on January 17, 2025. Defendants' new lead counsel have just begun to review and digest the over 51,000 documents produced in discovery, over 7,000 pages of deposition transcripts and exhibits, and 152 documents filed on this case's electronic docket. A request to continue the case schedule and trial date is necessary not only because of previously scheduled personal and professional conflicts, but to afford new counsel the time to adequately represent their clients.

Defendants and their counsel do not have conflicts with the November 17 trial and the two weeks following. Given that Plaintiffs believe trial may take between one to two weeks, the conflicts with the June 9, September 1 and 8, 2025 start of trial dates are as follows:

June 9: Defendants' counsel Christos Georgalis has prescheduled international travel June 9-20. Defendants' counsel Matthew Jalandoni has Army Reserve duty June 7-8 and prescheduled international travel June 18-30. Defendants' counsel at Morris Nichols, Kevin Coen, has a trial scheduled for June 16 through June 18, which would either directly or indirectly conflict with a June 9 trial, depending on the duration of the trial in this action. Defendant Daniel Jones has prescheduled international travel May 26-June 9. Defendant Michael Perik has prescheduled international travel June 3-12. Defendant John Haseley coordinates and runs a statewide labor union meeting on June 2.

September 1 and 8, 2025: Mr. Jalandoni has Army Reserve duty September 13-14 and his children have a prescheduled medical appointment on September 3. Defendant Haseley coordinates and runs a statewide labor union meeting on September 1. Defendant Nicole Rowe Colclasure's daughter is beginning college in Fall 2025 and her moving dates will potentially fall during the proposed weeks.

January 21, 2025
Page 3

    Defendants do not seek to delay the case schedule and trial unnecessarily, and the schedule proposed by Plaintiffs with dispositive motions due in less than three weeks is unreasonable under the circumstances. Such a proposal is an attempt by Plaintiffs to take advantage of a three-year head start and understanding of the pleadings, discovery, and issues in the case, as well as the unfortunate and uncontrollable medical condition of Defendants' longtime lead counsel. It is well within this Court's discretion to grant a reasonable continuance of the case schedule and a trial beginning on November 17, 2025 will ensure no party is prejudiced. Once a new trial date is set, the parties can work together to agree on the necessary modifications to the interim deadlines.

    Counsel are available if the Court has any questions.

Respectfully submitted,

| BAKER & HOSTETLER LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| /s/ Jeffrey J. Lyons | /s/ Kevin M. Coen |
| Daniel J. Goettle (#6664) | Kevin M. Coen (#4775) |
| Jeffrey J. Lyons (#6437) | Alec Hoeschel (#7066) |
| 1201 North Market Street, Suite 1407 | 1201 N. Market Street |
| Wilmington, DE 19801 | Wilmington, Delaware 19801 |
| (302) 407-4222 | (302) 658-9200 |
| dgoettle@bakerlaw.com | kcoen@morrisnichols.com |
| jjlyons@bakerlaw.com | ahoeschel@morrisnichols.com |
| | |
| Jonathan B. New (*pro hac vice*) | Christos N. Georgalis (*pro hac vice*) |
| 45 Rockefeller Plaza | Paul M. Flannery (*pro hac vice*) |
| New York, NY 10111 | FLANNERY GEORGALIS |
| (212) 589-4200 | 1375 E. 9th Street, 30th Floor |
| jnew@bakerlaw.com | Cleveland, OH 44114 |
| | (216) 367-2120 |
| G. Karl Fanter (*pro hac vice*) | chris@flannerygeorgalis.com |
| Key Tower, 127 Public Square, Suite 2000 | paul@flannerygeorgalis.com |
| Cleveland, OH 44114 | |
| (216) 621-0200 | Matthew L. Jalandoni (*pro hac vice*) |
| kfanter@bakerlaw.com | FLANNERY GEORGALIS |
| | 175 South Third Street, Ste. 1060 |
| *Attorneys for Plaintiffs* | Columbus, OH 43215 |
| | (614) 324-1329 |
| | mjalandoni@flannerygeorgalis.com |
| | |
| | *Attorneys for Defendants* |